UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
FRIEDA KEYES :
: CASE NO. 1:11-CV-00312
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 1, 21, 24]
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this social security disability benefits case, Plaintiff Frieda Keyes objects to the Magistrate Judge's Report and Recommendation, which recommends affirming the Administrative Law Judge's ("ALJ") decision. In that decision, the ALJ denied Keyes social security disability benefits. Keyes moves this Court to reject the Magistrate's Report and Recommendation, reverse the ALJ's decision, and remand for further proceedings. [Doc. 24.] For the reasons stated below, this Court **ADOPTS IN PART** the Recommendation of the Magistrate Judge. The Court finds separately, based on an issue not briefed to the Magistrate Judge, that the ALJ erred at step three of the sequential disability evaluation. Accordingly, the Court **REVERSES AND REMANDS** the ALJ's decision for further proceedings. [Doc. 1.]

**I. Background**

*A. Administrative Review*

Case No. 1:11-CV-00312
Gwin, J.

On October 25, 2006, Plaintiff Frieda Keyes filed an application for Supplemental Security Income (SSI) and Disability Income Benefits (DIB). Keyes alleged a disability onset date of October 1, 2004, and claimed disability due to diabetes, hypertension, congestive heart failure, and depression. On May 1, 2009, a hearing was held before administrative law judge Stephen Hanekamp. Keyes, who was represented by counsel, testified at the hearing. [Doc. 16.]

On July 1, 2009, the ALJ issued a decision finding that Keyes was not disabled, and on December 15, 2010, the Appeals Council denied Keyes' request for review. Thus, the ALJ's decision is the Commissioner's final decision. 20 C.F.R. §§ 404.981, 416.1481.

*B. Judicial Review and the Magistrate Judge's Report and Recommendation*

After exhausting the available administrative remedies, Keyes asked this Court to review her case under 42 U.S.C. §§ 1383(c) and 405(g). Under Local Rule 72.2(b), this matter was referred to Magistrate Judge Vernelis K. Armstrong for preparation of a Report and Recommendation (R&R).

The parties do not raise objections to the factual background as contained in the R&R, and the Court incorporates it herein by reference.

Magistrate Judge Armstrong recommends that the Court affirm the ALJ's decision. The Magistrate Judge found that the ALJ applied the correct legal standards and that the ALJ's decision was supported by substantial evidence. Specifically, the Magistrate Judge made the following findings: 1) the ALJ did not violate the treating physician rule when the ALJ rejected Dr. Kaplan's physical residual functional capacity opinion; 2) the ALJ properly evaluated Dr. Leventhal's opinion; 3) the ALJ did not improperly equate Keyes' daily activities to her ability to work; and 4) the ALJ's psychological findings are based on substantial medical evidence. [Doc. 21.]

Keyes objects to two of those findings. According to Keyes, the Magistrate Judge erred in

Case No. 1:11-CV-00312
Gwin, J.

finding that the ALJ did not violate the treating physician rule as to Dr. Kaplan, and the Magistrate Judge erred in finding that the ALJ's mental residual functional capacity determination is supported by substantial evidence. Keyes also raises a third error which she failed to raise before the magistrate judge. Keyes says that the ALJ failed to determine her physical impairments at step three of the disability evaluation. [Doc. 24.] The Commissioner did not file an objection.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties object. 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

A final decision of the Social Security Commissioner made by an Administrative Law Judge is, however, not reviewed *de novo*. Rather, a district court is limited to examining the entire administrative record to determine whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence. *See id*. In deciding whether substantial evidence supports the ALJ's decision, a court should not "resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor should a district court focus, or base its decision, on a single piece of evidence. Instead, a court must consider the "record taken as a whole." *Allen v. Califano*, 613 F.2d 139, 147

Case No. 1:11-CV-00312
Gwin, J.

(6th Cir. 1980).

It is a "well-established rule that an agency's action may not be upheld on grounds other than those relied on by the agency." *National R.R. Passenger Corp. v. Boston & Maine Corp.*, 503 U.S. 407, 420 (1992). A reviewing court cannot affirm an agency decision where the grounds communicated by the agency are inadequate or improper, or fail to articulate the grounds for the decision. *Burlington Truck Lines v. United States*, 371 U.S. 156, 169 (1962); *see also Berryhill v. Shalala*, 4 F.3d 993 (6th Cir., Sep. 16, 1993) (unpublished table decision) (applying this rule in the Social Security context). Finally, "even if supported by substantial evidence, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quotation marks omitted).

### III. Analysis

*A. The ALJ's Evaluation of Dr. Kaplan's Opinion*

Keyes first objects that the Magistrate Judge improperly affirmed the ALJ's evaluation of Dr. Kaplan's (a treating physician) opinion. According to Keyes, the ALJ incorrectly applied the treating physician role and failed to provide good reasons for discounting Dr. Kaplan's opinion.

The Social Security Administration regulations provide:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is

-4-

Case No. 1:11-CV-00312
Gwin, J.

> well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(d)(2); *see also Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011). If the ALJ does not give a treating physician's opinion controlling weight, the ALJ must determine what weight to give that opinion based on "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009). The ALJ must provide "good reasons" for the weight he gives a treating opinion. 20 C.F.R. § 404.1527(d)(2). Treating specialists are given more weight than non-specialists. *Johnson*, 652 F.3d. at 651.

Starting in February 2007, Dr. Kaplan, an internal medicine specialist at Huron Hospital, treated Keyes on six occasions. Dr. Kaplan treated a variety of Keyes' ailments, including dizziness, blurred vision and headaches, hypertension, diabetes, dyspnea, and pain. [Doc. 10-24; 10-25; 10-26; 10-27.] On March 12, 2008, Dr. Kaplan completed an Ohio Department of Jobs and Family Services form noting that Keyes suffers from diabetes, hypertension, hypertensive heart disease, depressive disorder, and obesity. Dr. Kaplan noted "[n]o gross physical defects or abnormalities," and indicated that she thought Keyes was "Unemployable." Similarly, on March 21, 2008, Dr. Kaplan completed a Diabetes Mellitus Residual Functional Capacity Questionnaire opining that Keyes is "incapable of even 'low stress' jobs" because Keyes "becomes emotional/irritable with the slightest stress." [Doc. 10-26 at 539.]

The ALJ stated that he gave the opinions from these forms "little weight" because they were

Case No. 1:11-CV-00312
Gwin, J.

inconsistent with his treating notes. First, the ALJ noted that Dr. Kaplan's treating notes 1) advised Keyes to exercise in January 2008; 2) did not note any abnormalities in Keyes' back, extremities, or neurological functioning; and 3) did not restrict Keyes' activities for medical reasons. Similarly, Dr. Kaplan said Keyes has handling and fingering limitations, but she also said that Keyes lacks "any medically determinable impairment that could be expected to limit" her handling functions. The ALJ then gave "greater weight to [Dr. Kaplan's] treating notes because they were prepared in the course of medical treatment," and explained that Dr. Kaplan's "status as a treating source with a longitudinal relationship" with Keyes was outweighed by the other factors. [Doc. 10-2 at 16-27.]

The ALJ did not err in discounting certain portions Dr. Kaplan's opinions and provided good reasons for doing so. The ALJ discounted portions of Dr. Kaplan's opinion after finding that Dr. Kaplan's restriction opinions were "inconsistent with the other substantial evidence" in Keyes' record—indeed with Dr. Kaplan's own records. Moreover, the ALJ pointed out the absence of diagnosed abnormalities in Dr. Kaplan's treating records. That absence is a "good reason" to give Dr. Kaplan's opinions from the medical forms "little weight" in comparison to actual treating notes. Furthermore, the ALJ evaluated Dr. Kaplan's opinion on the basis of the "length and extent of the treatment relationship, supportability of the opinion, [and] consistency of the opinion with the record as a whole." *Hensley*, 573 F.3d at 266.

Finally, the ALJ was not bound by Dr. Kaplan's opinion that Keyes is unable to work, as that opinion is "reserved to the Commissioner." 20 C.F.R. § 404.1527(e) ("A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled."). Accordingly, "the ALJ's proffered reasons for not crediting [Dr. Kaplan's] opinion satisfy the good reason requirement." *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 440 (6th

Case No. 1:11-CV-00312
Gwin, J.

Cir. 2010), and the ALJ did not err in evaluating Dr. Kaplan's opinion.

### B. The ALJ's Mental Residual Functional Capacity Determination

Next, Keyes argues that the ALJ's erred in determining her mental Residual Functional Capacity (RFC). The ALJ, according to Keyes, improperly discounted the opinion of an examining psychologist, Dr. Leventhal, and the opinion of a consulting, non-examining psychologist, Dr. Flynn.

Social Security regulations require the ALJ to consider evidence from non-examining sources, give appropriate weight to those opinions, and explain the weight the ALJ gives the opinion. *See* 20 C.F.R. §§ 404.1527(f), 416.927(f). "[A]dministrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether you are disabled." 20 C.F.R. § 404.1527(f)(2)(i).

Dr. Leventhal evaluated Keyes as having markedly impaired mental abilities in all four work-related mental categories: ability to relate to others; ability to understand, remember and follow instructions; ability to maintain attention concentration, persistence, and pace to perform simple repetitive tasks; and ability to withstand stress. [Doc 23 at 449.] The ALJ gave Dr. Leventhal's opinion "limited weight" because it was "based primarily upon [Keyes'] subjective complaints," and "not consistent with or supported by the weight of the record." [Doc. 10-2 at 22, 24.] The ALJ "resolve[d] the conflict by giving greater weight to the treating source evidence, which is inherently more reliable." [*Id.*]

Dr. Catherine Flynn, a State Agency reviewing psychologist, evaluated Keyes' record on February 28, 2007, and opined that Keyes is moderately limited in several ways: ability to respond to changes in a work setting; ability to complete a normal workday and workweek; and ability to

Case No. 1:11-CV-00312
Gwin, J.

perform activities within a schedule. Dr. Flynn said that Keyes was not significantly limited in attention/concentration or in her ability to interact appropriately with the general public. According to Dr. Flynn's review, Keyes' record showed no evidence of limitation in most categories. [Doc. 10-24 at 466-67.] Again, the ALJ gave Dr. Flynn's opinion little weight and explained that "the subsequent evidence I reviewed supported some, but not all, of Dr. Flynn's opinions." [Doc. 10-2 at 24.] The ALJ ultimately concluded that Keyes "is limited to simple routine tasks that involve no more than superficial interaction with coworkers, supervisors, and the general public. She cannot perform work requiring a rigorous production pace or strict production quotas."

The ALJ's decision applied the correct legal standard and is supported by substantial evidence. First, the ALJ noted that Drs. Leventhal and Flynn were not treating, and were able to evaluate only part of the evidence. Dr. Leventhal examined Keyes once; Dr. Flynn never examined her. The treating evidence that the ALJ credited (exhibit 3F [Doc. 10-12]) shows that Keyes does suffer from depression and that she suffers from moderate-to-severe panic disorder. The treating notes evaluate Keyes with major or moderate Global Assessment of Functioning (GAF) scores but "moderate" insight, "high" judgment, and coherent thought content. The ALJ also credited Keyes' testimony and record of daily activities: use of public transportation, self-care, meal preparation, laundry, cleaning, and generally "unrestricted" activity.

In addition, the ALJ concluded that Keyes' does indeed have some mental restrictions and that her residual functional capacity is limited to a certain extent. Thus, the ALJ appropriately evaluated and employed Dr. Leventhal's and Dr. Flynn's evaluations. The ALJ was not required to give those opinions controlling or great weight, and he did not improperly substitute his own opinion for the evidence in the record. The ALJ evaluated all evidence, gave different sources appropriate

Case No. 1:11-CV-00312
Gwin, J.

weight, and explained the weight he gave the evidence. Accordingly, the ALJ applied the correct legal standard and relied on the substantial evidence before him to determine Keyes' mental residual functional capacity determination.

*C. The ALJ's Step-Three Physical Impairment Assessment*

Finally, Keyes raises an issue that she failed to raise in her briefing to Magistrate Judge Armstrong. Keyes argues that the ALJ, though he evaluated her mental impairments at step three of the sequential disability evaluation, failed to evaluate her physical impairments at that step. The Commissioner does not object to Keyes' further argument, and the Court agrees that the ALJ erred at step three. *See Reynolds v. Commissioner of Social Security*, 424 F.App'x. 411, 416 (6th Cir. 2011) ("the requirement for specific objections may be excused 'in the interest of justice.' (quoting *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir.1994))).

At step three of the five-step disability evaluation, the ALJ must "consider the medical severity of [the claimant's] impairment(s). If [the claimaint] ha[s] an impairment(s) that meets or equals one of our listings in appendix 1," the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520. Failure to analyze a claimant's physical condition in step three "[i]s not harmless, for the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary." *Reynolds*, 424 F.App'x. at 416 (citing 20 C.F.R. § 404.1520(a)(4)(iii)).

The ALJ's decision shows that he determined, at step two, that Keyes suffers from several severe impairments: hypertension, diabetes, obesity, musculoskeletal back strain, and depression. Thus, at step three, the ALJ was required to consider whether Keyes' mental and physical impairments, alone or in combination, met or equaled one of the listed impairments in 20 C.F.R.

Case No. 1:11-CV-00312
Gwin, J.

404, Subpart P, Appendix I.

The ALJ stated that "[n]o treating or examining physician has indicated findings that would satisfy the severity requirements of any listed impairment." [Doc. 10-2 at 19.] Then, the ALJ reasoned that Keyes' "mental impairment does not meet or medically equal the criteria of listing 12.04," and thoroughly evaluated Keyes' mental impairment. [*Id.*] The ALJ did not made the same determination about Keyes' physical impairments or about Keyes' combined impairments.

The Sixth Circuit explained, "the ALJ need[s] to actually evaluate the evidence, compare it to . . . the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three [i]s supported by substantial evidence." *Reynolds,* 424 F.App'x. at 416 (reversing and remanding for further proceedings). Similarly, without an explained conclusion that Keyes' physical impairments do not meet or equal one of the listing, the Court cannot determine whether the ALJ's decision was supported by substantial evidence. Accordingly, the ALJ erred at step three and the case must be remanded "for a discussion of the evidence and an explanation of reasoning supporting the determination that [Keyes'] severe impairments do not meet or medically equal a listed impairment." *Id.*

### IV. Conclusion

Under 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." Remand is appropriate if the ALJ failed to consider certain evidence. *See Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994). In this case, a remand will allow the ALJ to make further findings and conclusions at step three.

Accordingly, for the reasons set forth above, the Court **REVERSES** the decision of the ALJ

Case No. 1:11-CV-00312
Gwin, J.

and **REMANDS** for further consideration consistent with this Opinion.

      IT IS SO ORDERED.


Dated: March 12, 2012                                      s/       *James S. Gwin*
                                                                           JAMES S. GWIN
                                                                           UNITED STATES DISTRICT JUDGE