UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                     :
FREIDA D. KEYES                     :
                                                     :          CASE NO. 1:11-CV-0312
                    Plaintiff,          :
                                                     :
vs.                                              :          OPINION & ORDER
                                                     :          [Resolving Doc. No. 26]
MICHAEL J. ASTRUE,           :
Commissioner of Social Security,   :
                                                     :
                    Defendant.        :
                                                     :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Plaintiff Freida D. Keyes seeks an award of attorney fees under the Equal Access to Justice

Act ("EAJA"), 28 U.S.C. § 2412.  Though the Commissioner does not dispute her entitlement to

fees, or the reasonableness of the hours billed on her case, he challenges the hourly billing rates used

in calculating in her fee application.  Because the Plaintiff fails to demonstrate special factors that

warrant a fee increase beyond the presumptive statutory maximum, the Court **DENIES IN PART**

the Plaintiff's application, **AWARDS** attorney fees to the Plaintiff at the rate of $125.00 per hour,

and **ORDERS** payment consistent with this opinion.

## I. Background

       The Plaintiff brings this action under the Social Security Act, 42 U.S.C. § 405(g), challenging

the Commissioner's denial of her application for Social Security Disability and Supplemental

Case No. 1:11-CV-0312
Gwin, J.

Security Income.  Following referral, Magistrate Judge Armstrong recommended that the Court

affirm the denial of benefits.  On *de novo* review, the Court reversed in part the Magistrate Judge's

Report and Recommendation, finding that the Administrative Law Judge ("ALJ") erred at step three

of the sequential disability evaluation, and remanding the case for further administrative proceedings.

[Doc. 25.]

On June 6, 2012, the Plaintiff filed this application for attorney fees under the Equal Access

to Justice Act, ("EAJA"), which provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by
> that party in any civil action . . . brought by or against the United States . . . unless the
> court finds that the position of the United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  She seeks an award of attorney fees at the rate of $175.00 per hour for

compensable hours billed in 2011, and $177.88 per hour in 2012. [Doc. 26 at 5.]

## II.  Legal Standard

Under the EAJA, a prevailing party in litigation with the United States is presumptively

entitled to reasonable attorney fees unless the government shows that the position of the United

States was substantially justified, or that special circumstances make an award unjust.  28 U.S.C. §

2412(d)(1)(A).  A Social Security claimant who obtains a remand order from a federal district court

pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA.

*Shalala v. Schaefer*, 509 U.S. 292 (1993).

The EAJA does, however, provide a presumptive $125.00 statutory cap on the hourly billing

rates that a prevailing party may be reimbursed.

> The amount of fees awarded under this subsection shall be based upon prevailing
> market rates for the kind and quality of the services furnished, except that (i) no

-2-

Case No. 1:11-CV-0312
Gwin, J.

> expert witness shall be compensated at a rate in excess of the highest rate of
> compensation for expert witnesses paid by the United States; and (ii) attorney fees
> shall not be awarded in excess of $125 per hour unless the court determines that an
> increase in the cost of living or a special factor, such as the limited availability of
> qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). A prevailing party may seek fees in excess of the presumptive statutory

cap, but "bears the burden of producing appropriate evidence to support the requested increase."

*Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

### III. Discussion

The parties do not dispute the Plaintiff's entitlement to attorney fees. Nor do the parties

dispute the number of hours billed by the Plaintiff's attorney in this case. The only issue for the

Court's consideration is the appropriate hourly rate upon which her fee award should be based.

The Plaintiff says that the Court should award fees in excess of the usual $125.00 hourly

limit. First, she says that the cost of living has increased since 1996, when the EAJA cap was

increased from $75.00 to its current presumptive limit of $125.00. Second, she says that she is

entitled to increased fees because the prevailing hourly rate customarily charged by her attorney, and

by similar practitioners in this District, is higher than the statutory cap.

*I. Cost-of-Living Increases*

The Plaintiff is correct that cost-of-living expenses, if adequately shown to impact the

availability and cost of providing adequate legal services, may justify a fee award beyond the

presumptive statutory cap. 28 U.S.C. § 2412(d)(2)(A). But unlike the jurisdictions to which the

Plaintiff misdirects the Court's attention, [Doc. 26 at 4], the Sixth Circuit does not treat Consumer

Price Index-based fee increases "as perfunctory or . . . mandatory" but "leaves the matter to the

sound discretion of the district court." *Begley v. Sec'y of Soc. Sec.*, 966 F.2d 196, 200 (6th Cir.

Case No. 1:11-CV-0312
Gwin, J.

1992). In the Sixth Circuit, evidence from the Consumer Price Index is "not enough" to justify an increase in fees. *Bryant*, 578 F.3d at 450; s*ee also Darabed v. Astrue*, No. 1:10-cv-2626, ECF Doc. No. 26 (N.D. Ohio May 30, 2012) (denying increased-rate fee award); *Williams v. Astrue*, No. 3:10-cv-02354, ECF Doc. No. 25, at 5 (N.D. Ohio May 23, 2012) (same).

Here, apart from her insufficient reference to the Consumer Price Index, the Plaintiff makes no showing that the practice at the $125 rate is commercially impracticable. She therefore fails to bear her burden of proof to show that inflation justifies a cost-of-living increase. *Begley*, 966 F.2d 196 ("The issue is, and must remain, whether these increases in the cost of living 'justif[y] a higher fee.'"); *see also Matthews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (Posner, J.) ("The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.") (emphasis in original) (citing *Bryant*, 578 F.3d at 450.)

*II. Prevailing Rates and Special Factors*

The Plaintiff says that she is entitled to a fee increase because the prevailing market rates for social security litigation are substantially higher than the statutory cap. But a higher prevailing rate, if established, simply triggers the statutory cap. It does not *ipso facto* satisfy the plaintiff's burden to demonstrate special factors to justify increased fees. *See Matthews-Sheets*, 653 F.3d at 562 ("The Equal Access to Justice Act does not authorize an award of the prevailing hourly rate, as such, unless it is less that $125 an hour."). Even if the prevailing local rate for identical services exceeds the statutory cap, the Plaintiff must still demonstrate special factors that warrant an increased award before she may receive enhanced fees.

-4-

Case No. 1:11-CV-0312
Gwin, J.

In this case, the Plaintiff's evidence neither establishes higher prevailing rates, nor demonstrates (as she must) any special factors that might properly undergird them.  She submits evidence of median attorney billing rates–organized only by firm size and metropolitan region–from the Ohio State Bar Association in support of her requested fee increase.  [Doc. 26-1.]  But the Court must consider "the prevailing market rate for attorneys' services *of the kind and quality rendered in this case*."  *Begley*, 966 F.2d at 200 (emphasis added).  Without any indices as to kind or quality of services rendered, the Ohio State Bar Association survey data is insufficient.  [Doc. 26-1 at 24.]  The billing data from the Plaintiff's Consumer Law survey is equally unhelpful, for there is no indication that any Social Security-specific practices comprise any statistically significant position–or any position at all–among the survey respondents.[1]  Neither survey establishes any meaningful prevailing rate for the legal services "of the kind and quality" provided here, much less any specific facts that might warrant a fee increase were the prevailing rate higher than the presumptive fee cap.

The Plaintiff says that she is entitled to increased fees because her attorney customarily charges clients significantly more than $125.00 per hour.  This may be true, but her individuated billing rates are not themselves a "special factor" for the purposes of the EAJA.  They do not demonstrate that "a lawyer capable of competently handling the challenge that [her] client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case."  *Matthews-Sheets*, 653 F.3d at 563.  And the public record shows otherwise.  *Bouter v. Comm'r of Soc. Sec.*, No. 1:09-cv-2682, ECF Doc. No. 21 at 1 (N.D. Ohio Dec. 1, 2011)

---

[1] The survey describes its heartland respondents as practicing in the fields of fair credit, consumer banking, and credit discrimination lawsuits. *See* Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report, 2010-11, at 1 (available at www.lb7.uscourts.gov/documents/ILSD/11-53.pdf) (last accessed June 25, 2011). It was circulated among members of the National Association of Consumer Advocates, an advocacy group that does not include Social Security benefits among its "Key Issues."

Case No. 1:11-CV-0312
Gwin, J.

(motion for attorney fees) (requesting fee award for Social Security advocacy at rate of $125.00 per hour.)

Similarly, though the Plaintiff avers that her attorney's practice is both specialized and experienced, niche expertise "does not in itself warrant a fee in excess of the statutory rate." *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). The EAJA permits plaintiffs to seek enhanced fees where specific skills and knowledge necessary to litigate of a particular case are not held among more general practitioners. *Pierce v. Underwood*, 487 U.S. 552, 572 (1988) ("limited availability" exception "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question," but only permits above-cap reimbursement where counsel with requisite speciality cannot be procured at the statutory cap). General evidence that her attorney specializes in Social Security advocacy does not justify enhanced fees. *See Fawcett v. Barnhart*, No. 4:04-cv-2448, 2008 WL 2783494, at *5 (N.D. Ohio July 15, 2008) (O'Malley, J.) ("Plaintiff's counsel's expertise in social security cases [including specialized subject-matter knowledge and practice-based accreditation] does not justify the enhanced hourly rate.")

Nonetheless, the Plaintiff insists that her requested (enhanced) fee "has been recognized as the customary hourly rate in this Court." [Doc. 26 at 6.] But no authority–not even the two citations the Plaintiff provides in her application–evinces any District-wide custom. Certainly, no authority excuses the Court from its duty to exercise its discretion consistent with the evidence in this application. To the contrary, in the Plaintiff's first case, Magistrate Judge Limbert correctly noted that fee applications must be reviewed independently in each case for reasonableness. *Griffiths v. Comm'r of Soc. Sec.*, No. 1:09-cv-2453, ECF Doc. No. 33, at 5 (N.D. Ohio June 2, 2011) (order granting fee award). And though what appears to be an identical CPI-schedule-based fee award

-6-

Case No. 1:11-CV-0312
Gwin, J.

increase was recently awarded to another of the Plaintiff's attorney's clients, nothing in that Order

supports the notion that those fees should be treated as presumptively reasonable for every future fee

application filed in this District. *Lightfoot v. Astrue*, No. 1:10-cv-01273, 2012 WL 1109990, at *4

(N.D. Ohio Mar. 31, 2012) (Lioi, J.). In fact, plaintiffs in this District have frequently been denied

enhanced fees where they fail, as here, to make the requisite evidentiary showings. *Vasquez v.*

*Astrue*, No. 3:11-cv-0177, ECF Doc. No. 27, at 3-5 (N.D. Ohio June 11, 2012) (White, Mag. J.)

(order granting in part fee award; reviewing Northern District denials of enhanced fees). The Court

declines the Plaintiff's invitation to ignore the appropriate burden of proof, abandon its particularized

discretion, and "rubber stamp," *Begley*, 966 F.2d at 200, the Plaintiff's thinly supported request for

an enhanced fee award.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES IN PART** the Plaintiff's motion for attorney

fees, **AWARDS** attorney fees to the Plaintiff at the adjusted rate of $125.00 per hour, and **ORDERS**

payment consistent with this order.

IT IS SO ORDERED.

Dated: June 27, 2012                         s/          *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE